TYSON, Judge.
James Elbert Dubose was indicted in a two-count indictment. Count I charged the appellant with intentionally causing the death of Irene Rutledge, by shooting her with a shotgun, in violation of § 13A-6-2, Code of Alabama 1975. Count II charged the appellant with recklessly engaging in conduct which manifested extreme indifference to human life and causing the death of Irene Rutledge by shooting a shotgun into an occupied building, in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty as charged in Count I of the indictment” for intentional murder. The appellant was sentenced to life imprisonment without parole, pursuant to the Habitual Felony Offender Act.
On the afternoon of April 15, 1988, George Rutledge, Jr., and the appellant got into a fight near the victim’s residence at 3024 20th Avenue, N., Birmingham, Alabama. Melvin Rutledge, George’s brother, *19 attempted to break up the fight. The appellant picked up a stick and George pulled a gun. George attempted to shoot the appellant; however, the gun did not discharge.
As the appellant, Dubose, ran away, he stated that he would be back. The appellant ran to a nearby apartment and subsequently left out of the back door. George went to his mother’s house, where he retrieved an Uzi semi-automatic weapon, and went looking for the appellant. After George did not find the appellant, he returned to his home.
Melvin Rutledge testified that, when the appellant returned to the area, he pointed a shotgun at Rutledge.
Approximately forty-five minutes to one hour after the fight, George was at his mother’s home while Irene Rutledge (victim) and three or four other persons were sitting outside on the porch. There is a discrepancy in testimony as to whether George was on the porch at this time. The appellant and two other persons drove slowly by the victim’s home and the appellant yelled something out of the car window. One witness stated that, when the appellant drove past the victim’s home, the appellant yelled to George, “I’m going to get you” or “I’m going to kill you.” Another witness recalled hearing someone yell out of the car, “I’m going to kill that m_f_,” or something similar to that.
The vehicle, after passing the victim’s house, turned around and came back toward the victim's house. As the car approached, someone yelled, “He’s got a gun.” At this point, the victim and the others ran from the porch. The victim and two other persons ran inside the victim’s home.
The appellant was seated on the passenger side of the vehicle. The appellant received a rifle from a passenger in the back seat. Then the appellant fired two shots into the victim’s home through a closed window shade, striking and killing Irene Rutledge.
After hearing the shots, Melvin and George Rutledge chased the vehicle as it drove off. There was another shot fired from the automobile when it was down the street. George shot at the vehicle.
Dr. Joseph Embry, a forensic pathologist, performed an autopsy on the victim and determined the cause of death to be two gunshot wounds to the victim’s body.
I
The appellant challenges the sufficiency of the State’s evidence. The appellant contends that, in order for him to be properly convicted of intentional murder, the State must establish that the appellant had the specific intent rather than the general intent to kill. The appellant states that, because the house was occupied by many persons, there is no evidence that shows that the appellant had the specific intent to kill. The appellant further alleges that this is a classic example of reckless murder (where a person shoots indiscriminately in an occupied dwelling), but there is no intentional murder.
The appellant was convicted of intentional murder under § 13A-6-2(a)(l), Code of Alabama 1975, which states: “(a) A person commits the crime of murder if: (1) With intent to cause the death of another person, he causes the death of that person or of another person_” “To be guilty of murder one must have the intention to kill a human being but it does not have to be toward the person who was killed.” Toles v. State, 484 So.2d 512, 515 (Ala.Cr.App.1985). “Intent may be inferred from the character of the assault, the use of a deadly weapon and other attendant circumstances.” Toles, 484 So.2d at 515; Murry v. State, 455 So.2d 53, 62 (Ala.Cr.App.1983), rev’d on other grounds, 455 So.2d 72 (Ala.1984). Moreover, the commentary following § 13A-6-2, Code of Alabama 1975, states:
“Where the actor intentionally or knowingly does an act that is highly likely to cause death to another person, and as a natural and direct result another person is killed, though not the person subjectively intended to be killed or seriously injured (e.g., arson of public building, blowing up commercial airplane, shooting gun indiscriminately, etc.), the actor is guilty of murder under either *20 § 13A-6-2(a)(l) because he intended ‘to cause the death of another person,’ or § 13A-6-2(a)(2) for recklessly engaging in conduct which creates a grave risk of death and ‘under circumstances manifesting extreme indifference to human life.’ ”
In the present case, this court must look at all of the relevant circumstances to determine whether the appellant had the specific intent to kill George, allowing liability to attach because another was killed. See Terry v. State, 397 So.2d 217 (Ala.Cr.App.), cert. denied, 397 So.2d 223 (Ala.1981).
Approximately forty-five minutes to an hour prior to the shooting, the appellant and George were involved in a fight. George pulled a gun on the appellant and attempted to shoot him. The appellant stated that he would be back. Also, there was testimony that, when the appellant drove past the victim’s house, he said to George, “I’m going to get you” or “I’m going to kill you.”
Another witness recalled someone yelling out of the car, “I’m going to kill that m_f_,” or something similar to that. Then the appellant drove back in front of the house where George and the victim lived, shot into the victim’s home and killed her.
From the evidence presented, we find that the appellant had the specific intent to kill George Rutledge, Jr., but instead killed his mother, one Irene Rutledge. Therefore, the appellant is criminally liable for the murder of the victim.
Further, we thus hold that appellant’s shooting of the gun into the victim’s home was more than reckless conduct because of the events which occurred prior to the shooting and the statements made by this appellant as herein stated.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.